**SUNBURST FARMS, INC., Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

Court No. 82–12–01753.

United States Court of International Trade.

Oct. 10, 1985.

Heron, Burchette, Ruckert & Rothwell, Washington, D.C., (Thomas A. Rothwell, Jr., Joseph A. Vicario, Jr. and Alfred G. Scholle, Washington, D.C., on brief), for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman,

Attorney in Charge, International Trade Field Office, New York City, (Michael P. Maxwell, Washington, D.C., on brief), for defendant.

*Memorandum Opinion and Order*

RE, Chief Judge:

In this action, plaintiff Sunburst Farms, Inc., challenges the Customs Service's imposition of duties on cut flowers, item 192.-21, TSUS, imported from Colombia. The plaintiff contends that the imported merchandise was eligible for duty-free treatment under the Generalized System of Preferences (GSP), and that the President's exclusion of cut flowers, item 192.21, imported from Colombia, from duty-free treatment under the GSP was *ultra vires.* Both parties have moved for summary judgment, and the defendant has also moved to dismiss on the grounds that plaintiff has failed to state a cause of action.

Since the President acted within his statutory authority in excluding the imported merchandise from the GSP, the defendant's motion for summary judgment is granted, and the action is dismissed.

By Title V of the Trade Act of 1974, §§ 501–05, 88 Stat. 2066, 19 U.S.C. §§ 2461–65 (1982 & West Supp.1985), the President is authorized to establish a system of tariff preferences to aid the economic development of designated "beneficiary developing countries." Pursuant to section 501 of the Act, the President is authorized to grant duty-free treatment for eligible articles from qualified countries. 19 U.S.C. § 2461. Under section 504(a), the President may withdraw, suspend, or limit duty-free treatment. 19 U.S.C. § 2464(a). However, under certain circumstances, the President *must* remove certain eligible articles from GSP treatment. *See* 19 U.S.C. § 2464(c). Specifically, by section 504(c)(1)(B) of the Trade Act, whenever the President determines that imports of an eligible article equal or exceed 50 percent of the total appraised value of annual imports of the article, he is required to termi-

nate duty-free treatment for that article. 19 U.S.C. § 2464(c)(1)(B).

On March 27, 1980, pursuant to Title V of the Trade Act of 1974, the President issued Executive Order 12204. 45 Fed. Reg. 20740 (1980). The order, which became effective March 30, 1980, divided item 192.19, TSUS, into two items: item 192.18, TSUS, "cut flowers, roses," and item 192.-21, TSUS, "cut flowers, other." Although cut flowers under item 192.21 were included on the list of articles eligible for GSP treatment, cut flowers, item 192.21, from Colombia were specifically excluded from eligibility. 45 Fed.Reg. 20740, 20763 (1980).

The plaintiff imported cut flowers from Colombia after the effective date of the order, and duties were imposed. The liquidated duties were paid, and protests were timely filed. When the protests were denied, the plaintiff filed this action. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (1982).

Plaintiff argues that the President's denial of duty-free treatment for cut flowers was predicated solely upon section 504(c)(1)(B), and "was *ultra vires* because the President did not properly exercise the authority delegated to him by Congress." In essence, the plaintiff contends that, since "cut flowers, other," item 192.21, TSUS, was a newly created tariff classification, no data had been collected as to the total appraised value of imports. Thus, plaintiff argues that it was impossible for the President to make a proper determination whether imports of "other" cut flowers from Colombia exceeded the 50 percent threshold of section 504(c)(1)(B).

The plaintiff's argument is unconvincing. As authoirty for Executive Order 12204, the President expressly recited, in addition to the Constitution and statutes of the United States, Title V of the Trade Act, and section 504(c)(1)(B). Title V, of course, encompasses section 504(a). Although Executive Order 12204 does not specifically mention section 504(a), the pertinent judicial authority unequivocally holds that the President's express reliance on Title V is

sufficient to invoke his authority under section 504(a). *See Florsheim Shoe Co. v. United States*, 744 F.2d 787, 796 (Fed.Cir. 1984). In addition, it is clear that the President's exclusion of cut flowers from Colombia, under item 192.21, TSUS, was well within his discretionary authority under section 504(a). *Id.*

The Court of Appeals for the Federal Circuit had occasion to consider the question presented in this case in *Florsheim Shoe Co. v. United States*, 744 F.2d 787 (Fed.Cir.1984). In *Florsheim Shoe*, the President had excluded certain buffalo, goat and kid leather imports from India from GSP treatment pursuant to Executive Orders 11974, 12204 (the same order involved in this case), and 12302. Each order specifically invoked the President's authority under Title V of the Trade Act and section 504(c). The plaintiff, who imported leather from India, challenged the Customs Service's imposition of duties on the imported products covered by the orders. On the defendant's motion, the Court of International Trade dismissed the complaint, and held that the President had acted within his statutory authority in restricting duty-free treatment. *Florsheim Shoe Co v. United States*, 6 C.I.T. ——, 570 F.Supp. 734, 747 (1983), *aff'd*, 744 F.2d 787 (Fed.Cir. 1984). The court also held that the court could review neither the factual foundation nor the motivations for the President's action. *Id.* at ——, 570 F.Supp. at 743. On appeal, the court of appeals affirmed.

The court of appeals noted that section 504(a) is "an explicit grant to the President of plenary authority—just as the statutory text indicates—to 'withdraw, suspend, or limit' GSP duty-free treatment after consideration of the factors listed in Sections 501 and 502(c). . . ." *Florsheim, supra,* 744 F.2d at 793. The Federal Circuit's broad interpretation of section 504(a) is amply supported by the legislative history which states that, upon considering "the factors taken into account in granting preferential treatment initially and in designating beneficiary countries," the President has the authority to terminate duty-free treatment

"at any time," H.R.Rep. No. 571, S.Rep. No. 93–1298, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S. Code Cong.Ad. News 7186, 7355–56. Moreover, since section 504 "is intimately involved with foreign affairs," the President's exercise of lawfully delegated authority should be given a broad interpretation and not "hemmed in or 'cabined, cribbed, confined' by anxious judicial blinders." *Florsheim, supra,* 744 F.2d at 793 (quoting *South Puerto Rico Sugar Co. Trading Corp. v. United States,* 334 F.2d 622, 632 (Ct.Cl.1964), *cert. denied,* 379 U.S. 964, 85 S.Ct. 654, 13 L.Ed.2d 558 (1965)); *see United States v. Curtiss-Wright Export Corp.,* 299 U.S. 304, 320, 57 S.Ct. 216, 221, 81 L.Ed. 255 (1936); *Miranda v. Secretary of Treasury,* 766 F.2d 1, 3 (1st Cir.1985).

Sunburst argues that, regardless of the foregoing statements and principles, the authority granted by section 504(a) was not the "actual" basis for the President's action. In support of this proposition, Sunburst cites *West Bend Co. v. United States,* 6 C.I.T. ——, 576 F.Supp. 630 (1983).

In *West Bend,* the plaintiff challenged the removal of certain imported "hot-air corn poppers" from duty-free treatment under the GSP pursuant to Executive Order 12204. The *West Bend* court held that the President's action in Executive Order 12204 was not taken pursuant to section 504(a) "because he did not specifically refer to that provision." *Id.* at ——, 576 F.Supp. at 633. Although the court conceded that section 504(a) alone is sufficient to deny preferential treatment, it refused to presume that the President acted under section 504(a) when Executive Order 12204 specifically recited only section 504(c). *Id.* at ——, 576 F.Supp. at 634.

In view of the decision in *Florsheim,* 744 F.2d 787 (Fed.Cir.1984), the reasoning employed by the *West Bend* court cannot be applied. Executive Order 12204 was also before the court in *Florsheim,* and the court of appeals considered this precise issue. The Federal Circuit concluded in unmistakable terms that: "It is sufficient, in order to show that Section 504(a) was invoked, that the pertinent Executive Orders cited that particular provision or … the portion of the Act that encompassed that provision." *Florsheim, supra,* 744 F.2d at 796. Thus, the *Florsheim* court found that Executive Order 12204, by citing Title V of the Trade Act, invoked the President's authority under section 504(a). In light of the broad scope of the President's discretion under Title V of the Trade Act, the court refused to conduct any inquiry into the "real purpose" or "actual" basis of the President's decision. 744 F.2d at 796–97.

The predecessor to the Court of Appeals for the Federal Circuit, the Court of Customs and Patent Appeals, had previously articulated this principle as follows: "In sum, let the President's action be authorized, and let his action be within the authorizing provisions of the law he cites, and the role of judiciary is at an end." *United States Cane Sugar Refiners' Ass'n v. Block,* 69 CCPA 172, 178, 683 F.2d 399, 404 (1982); *see also United States v. Yoshida Int'l, Inc.,* 63 CCPA 15, 30, C.A.D. 1160, 526 F.2d 560, 580 (1975) (upholding the President's imposition of an import surcharge pursuant to the Trading With the Enemy Act); *Alcan Sales v. United States,* 63 CCPA 83, 84, C.A.D. 1170, 534 F.2d 920, *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976); *Teter Floral Products Co. v. United States,* 7 C.I.T. ——, 586 F.Supp. 960, 963 (1984).

The conclusion that the President acted within the plenary authority found in section 504(a) is more than sufficient to negate any contention that he acted *ultra vires. Florsheim,* 744 F.2d at 795. Judicial examination of the President's decision to extend duty-free treatment under the GSP pursuant to section 504(a) is permitted only to determine whether "the statutory language has been properly construed, and whether the President's action conforms with the relevant procedural requirements." *Id.; see also United States v. George S. Bush & Co.,* 310 U.S. 371, 379–80, 60 S.Ct. 944, 946, 84 L.Ed. 1259 (1940). Judicial authority teaches that, if the Presi-

738

dent's action is properly authorized, his motives, reasons, and judgment are immune from judicial scrutiny. *United States Cane Sugar Refiners' Ass'n v. Block,* 69 CCPA 172, 178, 683 F.2d 399, 404 (1982). When, as here, the President is authorized to exercise discretion and judgment, based upon his evaluation of a variety of factors and policy considerations, the court on judicial review will not attempt to examine his mental process. *See, e.g., United States v. Morgan,* 313 U.S. 409, 421–22, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941); *Montgomery Ward & Co. v. Zenith Radio Corp.,* 69 CCPA 96, 110, 673 F.2d 1254, 1262, *cert. denied,* 459 U.S. 943, 103 S.Ct. 256, 74 L.Ed.2d 200 (1982); *cf. Heckler v. Chaney,* —— U.S. ——, 105 S.Ct. 1649, 1658, 84 L.Ed.2d 714 (1985). Indeed, the court of appeals has held that the Presidential determination to limit GSP treatment pursuant to section 504(a) is a discretionary decision for which there is "no law to apply." *Florsheim, supra,* 744 F.2d at 796; *see Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971). Since there was adequate statutory authority for the President's action, this Court may not inquire into the "actual" or specific basis for the President's refusal to extend duty-free treatment to cut flowers from Colombia in Executive Order 12204.

It is undisputed that Executive Order 12204, by its terms, invokes Title V of the Trade Act of 1974, which encompasses section 504(a). Pursuant to that statutory authority, after considering certain information, the President may, in his discretion, exclude an item from duty-free treatment under the GSP. When the President has been delegated such broad discretionary authority, the Court will not examine his motives or judgment. Thus, it is the conclusion of this Court that the President's action in Executive Order 12204 was properly authorized by statute, and, therefore, lawful.

Since the court holds that the action of the President had its basis in the authority granted in section 504(a), the question of the proper methodology necessary for ac-

tion under the "competitive need" limitation of section 504(c)(1)(B) need not be reached.

In view of the foregoing, the plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is granted, and the action dismissed.